J^FITZSIMMONS, J.
Rodney E. Bailey appeals a State Civil Service Commission termination of Ms position as a Police Officer II, Health Care, at Charity Hospital, Medical Center of Louisiana at New Orleans (Charity Hospital). This court affirms.
FACTS
On June 26, 1997, Mr. Bailey pled guilty to a first time felony under La. C.C.P. art. 893. He received a one year suspended sentence, during which time he was placed on one year active probation. Pursuant to the Article 893 plea, at the end of the successful completion of probation, Mr. Bailey would become eligible to have the record of his conviction expunged.
By letter dated November 10, 1997, four and a half months after his plea, Mr. Bailey was advised of a proposed termination of Ms employment at Charity Hospital. The termination was premised on the provisions of La. 42:1414 and State Civil Service Commission Rule 12 .6(b). The draft letter of termination noted that Mr. Bailey’s special police officer’s commission had previously been officially revoked because of the felony conviction and that the retention of a commission was mandatory to maintain the position as a Charity Hospital police officer. Following a pre-disciplinary conference, in which Mr. Bailey participated, he was terminated on November 22, 1997.
Mr. Bailey appeals, alleging the following assignments of error:
1)The Civil Service Commission erred in failing to find that La. R.S. 42:1414 is inapplicable to this matter and that the Civil Service Commission has the exclusive jurisdiction in disciplinary matters involving classified employees of the State of Louisiana.
2) The Civil Service Commission erred in finding that this dismissal was solely pursuant to Civil Service Rule 12.6 when, in fact, the dismissal was solely and completely occasioned pursuant to La. R.S. 42:1414 and, therefore, the Commission further erred by expanding the letter of dismissal impermissibly.
3) The Civil Service Commission erred in finding that a special officer’s commission was a requirement for appellant’s job when, in fact, it was not.
4) The Civil Service Commission erred in failing to grant appellant’s motion for summary disposition on the ground that appellant was not given due process as |3required by both the jurisprudence (Loudermill) and Civil Service Rule 12.7 prior to his dismissal.
5) The Civil Service Commission erred in failing to find that appellant’s right to equal protection was violated in that a person may be hired as a classified civil servant even though they have a felony conviction on their record but must be fired if convicted of a felony under La. R.S. 42:1414 (if, in fact, La. R.S. 42:1414 is applicable herein).
6) The Civil Service Commission erred in finding, in effect, that appellant’s conviction was final when, in truth and in fact it was not and, additionally, there is no conviction on appellant’s record and the charges were, pursuant to Article 893 of the code of criminal procedure, ultimately refused.
7) The Civil Service Commission erred in finding that appellant was not discriminated against in his dismissal as being treated completely and totally differently from other similarly situated employees.
*948 DISCUSSION
STATE CIVIL SERVICE COMMISSION RULE 12.6
Although Mr. Bailey asserts numerous errors on appeal, this court’s disposition of the appeal revolves around the issue of a requirement that health care special police officers possess a police officer’s commission and the applicability vel non of State Civil Service Commission Rule 12.6. The provisions of State Civil Service Commission Rule 12.6(b), Non-disciplinary Removals, provide in pertinent portion: “[W]hen the employee ... loses, as a result of conduct that was not work related, a ... commission ... that is legally required for his job, the appointing authority shall designate the dismissal as a non-disciplinary removal under this Rule.” (Emphasis supplied.)
The special officer’s commission is issued to law enforcement personnel to perform duties requiring a weapon within the confines of Charity Hospital, such as internal and external patrols, as well as money deliveries. After Hotel Dieu was taken over by the State of Louisiana and became a part of Charity Hospital, all officers assigned to the hospital were required to obtain and possess a special officer commission. Mr. Anthony J. Parnell, the representative of the Medical Center of Louisiana, New Orleans appointing authority, confirmed that a special commission had been a requirement for a police officer at Charity Hospital. Chief Michael Hamilton, |4PubIic Director of the Medical Center Police Department, testified that this standard had been in effect prior to 1994. The requirement was, thereafter, delineated in the Charity Hospital policy and procedure manual.
Mr. Bailey testified that his supervisor from Hotel Dieu had informed him that he needed to get a special officer commission when Charity Hospital took over the operation of Hotel Dieu, effective January 1, 1995. Accordingly, he had previously possessed a special commission in his position as “Police Officer II, Health Care” for Charity Hospital. Upon notification from Charity Hospital in September 1997, that Mr. Bailey had been suspended from his position pending termination for the felony theft and possession of stolen property, Mr. Bailey’s commission was revoked by the police department. Chief Hamilton stated that even an arrest of a felony will result in a revocation of a commission. Once his commission had been revoked, Mr. Bailey was no longer qualified to work in the capacity of a special officer in his department.
The initial revocation of Mr. Bailey’s commission while he was suspended is not contested on appeal. Mr. Bailey’s asserts that an ex post facto application of the requirement of a commission for the position of Medical Center of Louisiana, Charity Hospital police officer, following his Article 893 plea, is in violation of his rights. In this regard, we note that Mr. Bailey’s Article 893 guilty plea occurred in June, 1997. The requirement that all police officers possess a special commission became an official written rule for police officers in September, 1997 — retroactive to 1995. Even without addressing the retroactivity of the rule, at the time of the November 1997 termination hearing, Mr. Bailey would have been legally mandated to possess a special commission as of the time of his termination.
This court agrees with the State Civil Service Commission’s finding that a special officer’s permit was a requirement for appellant’s job. Officer Victor Kissinger, III of the Special Officers Division of the New Orleans Police Department, who oversaw the issuance of commissions to security officers, testified that an initial application for, or application for reinstatement of, an officer’s commission would initially be automatically turned down to anyone who had been arrested for a felony. An applicant could persist up the procedural chain of command to the Deputy Chief of Police, who had the authority to review an applicant’s individual circumstances and, thereby, possessed |smore flexibility in granting *949 commissions when there had been a prior arrest. A fortiori, a guilty plea would disqualify an applicant at the initial level. Chief Hamilton additionally indicated that Mr. Bailey had not applied for reinstatement of his commission. Thus, the State Civil Service Commission correctly terminated Mr. Bailey, who had pled guilty to a felony and did not possess a special commission.
DUE PROCESS
It is asserted that Mr. Bailey was denied due process notice and a pre-termi-nation hearing prior to the Civil Service Commission’s termination. The record belies these claims. The pre-termination draft letter of November 10, 1997 advised Mr. Bailey of the proposed grounds for termination. By certified letter, Mr. Bailey was notified of his right to a pre-disciplinary conference. Moreover, the record reveals that a pre-termination conference was conducted in compliance with the precepts of State Civil Service Rule 12.7. This assignment of error is without merit.
DISCRIMINATION
It is claimed that Mr. Bailey was the subject of discrimination because he did not receive equal protection that was afforded to other employees, in particular Gregory Johnson, Gary Jones, and Mr. Hopkins. In the cases of Mr. Johnson and Mr. Jones, their commissions were revoked once they had been arrested. They were, however, permitted to continue to work in an area of the hospital where weapons were not required, pending a resolution of their cases. In each case, there did not exist a guilty plea or guilty determination, as was the case with Mr. Bailey. Thereafter, in 1998, the Medical Department of Louisiana, New Orleans, changed its policy of allowing police officers to work without a commission in the Charity Hospital psychiatric unit while charges were pending. Neither Mr. Johnson or Mr. Jones was employed by Charity Hospital after a guilty determination. With respect to Mr. Hopkins, the department was unaware of any felony conviction. As soon as it was informed that Mr. Hopkins possessed a felony conviction, the termination process was initiated. He was removed from his position. There has been no showing on the record supportive of Mr. Bailey’s assertion of discrimination.
^LOUISIANA REVISED STATUTE 42:1414
The Civil Service Commission reached its decision to terminate Mr. Bailey because Mr. Bailey lacked possession of a special officer’s commission and pursuant to the dictates of La. R.S. 42:1414. This court’s affirmance of the Civil Service Commission’s termination on the basis that Mr. Bailey lacked the requisite special officer’s commission at the time of the hearing, pretermits the necessity to address the issues surrounding La. R.S. 42:1414, involving the finality of Mr. Bailey’s conviction and the argument that a classified civil servant may be hired with an Article 893 felony conviction or guilty plea.
Accordingly, the State Civil Service Commission determination of a non-disciplinary termination of Rodney E. Bailey is affirmed. All costs associated with this appeal are assessed to Mr. Bailey.
AFFIRMED.