ANTHONY DANNA JR.
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
No. 2008 CA 1275.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
ROBERT T. TALLEY, Counsel for Plaintiff/Appellant ANTHONY DANNA JR.
CRAIG B. KIMBALL, MARK E. FALCON, DANIEL L. AVANT, Counsel for Defendant/Appellee Louisiana Department of Transportation and Development.
ROBERT R. BOLAND, Jr., Counsel for ANNE S. SOILEAU, Secretary Louisiana Department of Civil Service.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GUIDRY, J.
A state employee with the Louisiana Department of Transportation and Development (DOTD) appeals a decision of the State Civil Service Commission (Commission) upholding the termination of his employment. For the reasons discussed herein and in the Commission's decision, we affirm.

FACTS AND PROCEDURAL HISTORY
In 2006, the appellant, Anthony Danna, Jr., was employed as a Real Estate Specialist 3 working in the District 61 Real Estate Office on Old Hammond Highway, a satellite office of the DOTD. This appeal stems from events that took place on June 27, 2006, prompting an internal investigation by the DOTD. As a result of those events and dissatisfaction with the level of Danna's cooperation with the subsequent internal investigation, Danna was given notice of a recommendation to terminate his employment with the DOTD for insubordination by the Appointing Authority.[1] A pre-deprivation hearing was held on August 23, 2006, and Danna's employment with the DOTD was terminated effective September 15,2006.
Danna appealed his dismissal to the Commission, which affirmed the decision of the Appointing Authority to terminate his employment based on insubordination. This appeal followed.

ASSIGNMENTS OF ERROR
On appeal, Danna disputes the decision of the Commission in the following respects:
1. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination when there was not a sufficient factual basis to find that Appellant engaged in insubordinate conduct that impaired the efficiency of the Department of Transportation and Development and bore a real and substantial relation to the efficient operation of DOTD.
2. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination in finding as a fact that Appellant was insubordinate.
3. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination by penalizing him for the exercise of protected fundamental rights.
4. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination since the "Loudermill" process was invalid.
5. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination since the orders of the appointing authority were unreasonable under the circumstances[ ] and since Appellant had legitimate and valid reasons for refusing to comply with the orders of the appointing authority.
6. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination by finding that James M. Dousay possessed authority to issue the letter of termination to Appellant.
7. The Civil Service Commission committed reversible error in upholding Appellant's termination on grounds of insubordination since the disciplinary action taken was excessive and too severe, and not commensurate with any alleged offense.
8. The Civil Service Commission erred in failing to make an award of attorney fees.

LAW AND DISCUSSION
The final decision of the Commission is subject to review by the court of appeal on any question of law or fact. La. Const, art. 10, § 12(A). A reviewing court should not disturb the factual findings made by the Commission in the absence of manifest error. Williams v. Orleans Levee District. Board of Commissioners, 00-0297, p. 4 (La. App. 1st Cir. 3/28/01), 784 So. 2d 657, 659, writ denied, 01-1730 (La. 9/14/01), 796 So. 2d 686. In evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. McGee v. Department of Transportation and Development, 99-2628, p. 3 (La. App. 1st Cir. 12/22/00), 774 So. 2d 1280, 1282, writ denied, 01-0232 (La. 3/23/01), 788 So. 2d 432.
Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Burst v. Board of Commissioners, Port of New Orleans, 93-2069, p. 5 (La. App. 1st Cir. 10/7/94), 646 So. 2d 955, 958, writ not considered, 95-0265 (La. 3/24/95), 651 So. 2d 284.
When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. When there are two permissible views of evidence, the fact finder's choice cannot be manifestly erroneous. Saacks v. City of New Orleans, 95-2074, p. 13 (La. App. 4th Cir. 11/27/96), 687 So. 2d 432, 440, writ denied, 97-0794 (La. 5/9/97), 693 So. 2d 769, cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997).
Having reviewed the entire record in this matter and the thorough and well-reasoned decision of the Commission, we find no manifest error in the factual findings of the Commission. Further, having reviewed the applicable law and the evidence presented, we do not find merit in any of the assignments of error presented, which alleged errors were duly addressed by the Commission in its decision.[2] Thus, we do not find that the Commission abused its discretion in upholding the disciplinary action of the Appointing Authority, and, for the reasons expressed in the attached decision of the Commission, we affirm the decision. All costs of this appeal are cast to the appellant, Anthony Danna, Jr.
AFFIRMED.
NOTES
[1] Civil Service Rule 1.4 defines "appointing authority" as "the agency, department, board, or commission, and the officers and employees thereof authorized by statute or by lawfully delegated authority to make appointments to positions in the State Service."
[2] The only assignments of error not addressed in the Commission's decision are Danna's assertion that he was not provided due process in accordance with Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (error number four) and that the Commission erred in failing to make an award of attorney fees (error number eight).

The due process rule pronounced in Loudermill, 470 U.S. at 546, 105 S.Ct. at 1495, is that a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. Such action was taken herein, which principle is embodied in Civil Service Rules 12.7 and 12.8(a). Danna was provided an original pre-deprivation notice on August 15, 2006, wherein it was stated that based on his actions, it was recommended that his employment with the DOTD be terminated. Danna was given an opportunity to respond to the notice at a hearing held on August 23, 2006. Thereafter, on August 29, 2006, Danna was provided an amended pre-deprivation notice "because of [his] renewed failure to cooperate in the investigative process on August 18, 2006." In the amended notice, Danna was advised that he was being given an opportunity to further respond, in writing, to the original and amended pre-deprivation notices by September 6, 2006. The amended notice further advised Danna to "[b]e assured that your response will be thoughtfully considered before a final decision is made on the recommendation of removal." Danna received notice on September 7, 2006, of his termination effective 15, 2006. Danna's reliance on Sommer v. State, Department of Transportation and Development, 97-1929, pp. 10-12 (La. App. 4th Cir. 3/29/00), 758 So. 2d 923, 931-932, writ denied, 00-1759 (La. 10/27/00), 772 So. 2d 122, is misplaced. In Sommer, the pre-deprivation letter gave the employee notice of her termination effective February 16, in a letter dated February 9, without any opportunity to be heard. As recited above, such deficient proceedings did not occur in this case. Thus, based on the record in this matter, we find no merit in Danna's fourth assignment of error. See Bailev v. LSU Health Care Services Division, 99-1981, p. 5 (La. App. 1st Cir. 9/22/00), 767 So. 2d 946, 949.
Moreover, since we have found that the Commission did not err in upholding Danna's termination for insubordination, we reject Danna's final assignment of error praying for an award of attorney fees.