418 So.2d 3 (1982)
DEPARTMENT OF CORRECTIONS, LOUISIANA STATE PENITENTIARY
v.
Sheila A. CAGE.
14832.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.
Brady Louis Jones & Annette R. Seng, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, for appellant.
*4 Mary E. Howell, Howell, Kellogg & Bayer, New Orleans, for appellee.
Laura Denson Holmes, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director Department of State Civil Service.
Before LEAR, CARTER and LANIER, JJ.
LEAR, Judge.
In October of 1979, Sheila A. Cage (Cage), appellee, was employed with permanent status by the Department of Corrections at the Louisiana State Penitentiary (LSP) as a sergeant. For failing to report for duty on October 27, 1979, after having been instructed to do so, she was suspended from her position on October 31, 1979. By letter dated November 6, 1969, under the signature of C. Paul Phelps, Secretary, Cage was notified that the oral suspension was confirmed, and she was being terminated effective November 14, 1979. Cage appealed this suspension and termination to the Civil Service Commission, which, in an opinion dated May 8, 1981, granted her appeal and ordered her reinstated to her former position with back pay. The agency has now appealed that decision of the Civil Service Commission.
Cage had failed to report for duty on election day in April, 1979. Because of this absence, her supervisor, Captain Barr, had placed her on leave-without-pay status for the day involved and recommended a reprimand. In failing to report for work on election day, Cage had relied on Civil Service Commission Rule 11.23(e). Based on this, and because no notice had been afforded the employees that they would be expected to report for duty on election day, Warden Butler revoked the attempted disciplinary action taken by Captain Barr.
In order to avoid a recurrence of this situation, and to ensure adequate staff for security purposes, Warden Butler issued a memorandum dated September 27, 1979, to all employees, which informed them that they would be expected to report for scheduled duty on election day, October 27. The memorandum also informed them that they should make arrangements to vote before or after their shift, or to vote by absentee ballot. Evidence in the record indicates that Cage had notice of this memorandum by October 4, 1979. While she denied that she had read or had been informed of the contents of the memorandum at that time, the evidence clearly indicates, and Cage herself admitted, that she was aware of the memorandum at least nine days prior to October 27. On October 26, Cage spoke with Captain Barr and requested civil leave for election day, explaining that she was relying on Civil Service Rule 11.23(e) in making this request. Captain Barr refused her this leave, and referred her to Major Teer. Major Teer read Cage the September 27 memorandum dealing with election day and refused her the requested leave. She did not pursue the matter further, but that evening informed the LSP staff that she would not report for work the next day. Cage did fail to report for work on October 27, 1979.
Civil Service Rule 11.23, entitled "Civil, Emergency, and Special Leave," provides, in pertinent part, as follows:
"An employee shall be given time off without loss of pay, annual leave, or sick leave, when
"(e) voting in a primary, general, or special election which falls on his regularly scheduled work day, provided not more than two hours of leave shall be allowed him to vote in the Parish where he is employed and not more than one day to vote in a Parish outside the one where he is employed."
In its May 8 opinion in this matter, the Civil Service Commission, interpreting Rule 11.23(e), stated, in part:
"The fact that employees were given notice that they must appear for duty as scheduled on election day does not vitiate Civil Service Rule 11.23(e). That rule mandates the granting of leave to employees under certain circumstances. The appointing authority could have denied appellant eight hours of leave, but they could not deny her sufficient leave to *5 travel from West Feliciana Parish, her place of employ, to East Baton Rouge Parish, where she votes, and back." [Emphasis by the Commission.]
We do not disagree with the Civil Service Commission's interpretation of this rule (quoted above), and recognize that an administrative agency may interpret its own rules, and such an interpretation becomes part of the rule. McNeely v. DHHR, 413 So.2d 594 (La.App. 1st Cir., 1982); Sawyer v. Central Louisiana Electric Company, 136 So.2d 153 (La.App. 3rd Cir. 1961). However, we find that the commission's application of this rule, and especially as interpreted, and therefore its conclusion of law, is incorrect.
The record establishes that Cage was familiar with the rules of the civil service. In fact, it was Cage herself who cited these rules, chapter and verse so to speak, to her superiors. She had been involved in the April incident concerning this rule and the agency's position, and the record indicates that she was present at a meeting with her superiors and the Secretary of Corrections, C. Paul Phelps, at his office, prior to the October incident. We further find that, although Cage had adequate prior notice of the agency's position, she took the matter no further than speaking with Captain Teer. She did not speak with his superiors, nor did she seek advice and/or assistance from the Civil Service Commission prior to election day. While we agree with the Civil Service Commission's opinion that the agency's memorandum and policy in this regard was incorrect, we find that Cage had other reasonable alternatives available to her. The agency's policy and order did not ask Cage to do anything illegal, immoral, unethical, or in dereliction of her duties. Nor would it have in fact prevented her from voting on election day. She could have followed the agency's directive by voting after work and then sought a remedy through the agency's or the Civil Service Commission's grievance procedures. She chose to do none of these things, but rather, took it upon herself to interpret Rule 11.23(e) and, according to the commission's conclusion of law, she in fact misinterpreted this rule. As the commission stated, Cage was entitled only to "sufficient time" to vote, and did not have the right to take eight hours of leave on election day.
Even taking Cage's argument in its best light, and considering the commission's conclusion of law as to what amount of leave she was entitled to, we find that Cage was insubordinate in taking eight hours of leave after having had her request to do so denied. Cage was not disciplined for taking "sufficient leave" to vote on election day, as the commission has found she was entitled to, but rather for taking eight hours of leave which she was not entitled to and which was not approved.
Cage was employed as a tower guard. The evidence indicates that her absence from work on election day required her replacement with other security personnel, who were taken away from their regular assignment. This left the agency shorthanded and created a serious security situation. We find that the conduct complained of by the appointing authority impaired the efficiency of the public service, and bears a real and substantial relation to the efficient operation of the public service in which the employee engaged. Department of Public Safety v. Rigby, 401 So.2d 1017 (La.App. 1st Cir. 1981).
In light of previous disciplinary action taken against Cage, which was confirmed by the Civil Service Commission in a separate appeal, and has not been challenged by her, together with her disobedience of direct orders in the context of this highly sensitive situation requiring strict security, we find that the agency's action in terminating Cage was not unreasonable.
For the foregoing reasons, the decision of the Civil Service Commission is reversed and the termination of appellee, Sheila A. Cage, by the Department of Corrections is hereby reinstated, and all details concerning appellee's suspension and termination are to be returned to her personnel file. All costs are to be paid by appellee, Sheila A. Cage.
REVERSED.