774 So.2d 1280 (2000)
Vernie McGEE
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 99 CA 2628.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1281 Thomas J. Hogan, Jr., Hammond, Counsel for Appellant Vernie McGee.
Lesia H. Batiste, Baton Rouge, Counsel for Appellee State of Louisiana, Department of Transportation and Development.
Before: PARRO, GUIDRY, and THAXTON[1], JJ.
THAXTON, J.
Appellant received a suspension of one day from work without pay after having used a Department of Transportation and Development vehicle for his personal use. The referee assigned to hear this matter by the State Civil Service Commission affirmed the suspension. The Commission denied appellant's application for review of that decision, and appellant filed this appeal.[2] For the following reasons, we affirm the decision of the Commission.

*1282 Facts

On May 22, 1997, Vernie McGee was employed as a highway foreman for the Louisiana Department of Transportation and Development (DOTD or Department), District 62. On that day, he left the job site and drove a Department vehicle to his credit union in order to transact personal business. The credit union is located at Department headquarters.
On his return trip, Mr. McGee was involved in an accident with another vehicle. Mr. McGee admits that by leaving the job site, a fellow employee was left unsupervised. He also admits that his failure to request permission to leave and his failure to inform his immediate supervisor that he was leaving were violations of Department policy.
The Department's District Accident Prevention Operating Committee investigated the facts and circumstances surrounding both the accident and Mr. McGee's unauthorized personal use of the Department vehicle. On September 24, 1997, the Committee referred the matter to Maurice O. Jordan, the District Administrator for the Department. Mr. Jordan was charged with reviewing the matter and making a final decision with regard to any disciplinary action to be taken against Mr. McGee. A pre-deprivation hearing was conducted by Mr. Jordan on November 13, 1997, and on November 18, 1997, Mr. McGee was suspended from employment for one day without pay, beginning December 3, 1997.
Mr. McGee appealed the Department's suspension to the State Civil Service Commission. The Commission assigned the appeal to referee Kathleen Dawkins, and a public hearing was conducted by her on September 10, 1998. The referee affirmed the Department's suspension on May 10, 1999. An application by Mr. McGee seeking a review of the referee's decision by the Commission was denied on July 9, 1999, and this appeal followed.

Standard of Review
In reviewing a decision of the Civil Service Commission, an appellate court should apply the clearly wrong or manifest error rule. Bannister v. Department of Streets, 666 So.2d 641 (La.1996). Great deference is given to the factual conclusions of the Commission. In evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. Id. As used in this context, arbitrary or capricious means the absence of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991).

Issues Presented
The appellant raises essentially two assignments of error:
(1) that there was a "de facto policy" of allowing employees to use DOTD vehicles to travel and conduct personal business, presumably excusing Mr. McGee's violation of the Department's express policy prohibiting such conduct, and,
(2) that the Department's delay in acting on Mr. McGee's violation resulted in the infraction becoming "stale", and as a result, Mr. McGee could not be disciplined for it.

Law and Discussion
It is undisputed that the DOTD had a longstanding policy prohibiting the personal use of Department vehicles. On December 9, 1993, the District Administrator for the DOTD circulated a memorandum to all District 62 employees. The memorandum provided, in part, as follows: *1283 If an employee must conduct business with the Credit Union but does not have a job-related reason to come to District Headquarters, he/she must request annual leave and must travel in a private vehicle.
In addition to this notice, the Secretary of the DOTD had published a policy and procedural manual for employees, with an effective date of November 13, 1995, which addressed the same subject in the following language:
[T]he Department of Transportation and Development (DOTD) wants to provide a good and safe working environment for all employees. In any business, some rules are needed to help everyone work together by letting them know what they can and cannot do. Our rules are basically common sense, and we expect our employees to follow our rules and to show good behavior and efficiency. When these rules are violated, however, disciplinary action may be taken. While the following list is not all inclusive, some of the violations which can result in disciplinary action, including dismissal, are as follows: ...(1) Use of (or allowing the use of) DOTD vehicles, equipment, or property for personal use.
Both documents clearly prohibit the personal use of Department vehicles. Mr. McGee had been reminded of these policies as late as January 9, 1997, and had been cautioned verbally about going to the credit union during working hours in a DOTD vehicle on more than one occasion. But Mr. McGee argues that because other employees violated this policy, and because in at least one subsequent memorandum, the Department acknowledged that this was a continuing problem, the Department somehow condoned the behavior or waived their obligation to enforce the policy.
Employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const. Art. X, Section 8(A). "Cause" includes conduct prejudicial to the public service involved or detrimental to its efficient operation. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984). Stated differently, disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
Mr. McGee, a foreman, flagrantly violated a published Department policy. In doing so, he left a co-worker unsupervised. Aggravating that fact is the loss to the Department in time and money from Mr. McGee's accident with another vehicle while on a personal errand. Mr. McGee's conduct was prejudicial to the public service of the DOTD, and detrimental to the Department's efficient operation. Clearly, the Department has met its burden.
As for the issue of whether the violation is "stale," appellant cites the State Personnel Manual, Part 14.9, which provides, in part:
Disciplinary action must be taken within a reasonable time after the appointing authority becomes aware of the conduct. Otherwise the charges become stale and cannot be used as the basis for disciplinary action. There is no hard and fast rule as to what constitutes a reasonable time; however, be prepared to explain a delay of 3 months or more.
The Department produced evidence at the hearing to explain its process. The Department investigated all of the facts and circumstances surrounding Mr. McGee's violations of Department policy, as well the accident in which Mr. McGee was involved. The scope of these investigations included interviewing Mr. McGee's co-workers and those individuals with factual information about the accident. The Department attempted to determine not only the extent of its property damage loss and Mr. McGee's injuries, but also any potential liability it might have to third persons as a result of the accident. During *1284 a portion of this time, at least through July 7, 1997, Mr. McGee was off from work as a result of injuries he sustained in the accident.
The facts presented by this record support the conclusion that the Department has met its burden, imposed by its own policy, of explaining the length of its investigation preceding the disciplinary action taken. The argument that Mr. McGee's violation of Department policy is "stale," insulating him from disciplinary action, is without merit.
Finally, we address an additional issue pointed out by counsel for appellant in his brief. On October 23, 1997, the Department disciplined Mr. McGee for a second violation of this same policy. This second infraction occurred on October 7, 1997,[3] and a hearing was held on October 8, 1997, resulting in only a reprimand. Counsel for appellant suggests that a reprimand for a subsequent offense, when compared with a one-day suspension for the initial offense, violates the concept of "progressive discipline." However, a consideration of the facts of each incident reveals that Mr. McGee was disciplined more severely for the more severe of the infractions, and there is no basis to set aside the suspension on this basis.

Conclusion
The record presented establishes a rational basis for the Commission's decision. The findings and conclusions of the referee for the Civil Service Commission are supported by the weight of the evidence contained in this record. The appellant violated a policy that he was aware of, and he was appropriately disciplined. The decision of the Commission is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.
NOTES
[1] Judge Frank H. Thaxton, III, of the First Judicial District Court, is serving as Judge Pro Tem. by special appointment of the Louisiana Supreme Court.
[2] Pursuant to Article X, Section 12 of the Louisiana Constitution, if an application for review of the referee's decision is timely filed with the Commission and, after review of the application, it is denied, the decision of the referee becomes the final decision of the commission and is subject to review by the court of appeal.
[3] The second incident occurred as Mr. McGee drove by a disabled DOTD truck at about 2:15 in the afternoon. The mechanic working on the truck asked Mr. McGee if he had a chain, to which Mr. McGee replied that he did. Mr. McGee then told the mechanic "Man, I don't have time to do this, I have to go to the bank," and left. Mr. McGee proceeded to the credit union with five employees under his supervision with him, and conducted personal business during working hours.