PARRO, J.
12Shelia Lowery appeals a final decision of the Civil Service Commission (the Commission), denying her an Optional Pay Adjustment (OPA) that her appointing authority had approved in December 2011. For the following reasons, we reverse the Commission’s decision and remand this matter for further proceedings.
STIPULATED FACTS
The following facts were stipulated by both parties, along with ten exhibits that were offered in evidence before the Commission in connection with a hearing before a Civil Service Commission Referee (Referee) on September 19, 2012:
1.Ms. Shelia R. Lowery is employed as an Accountant 3 at Central Louisiana State Hospital (“CLSH”) in Pineville, Louisiana.
2. On December 7, 2010, Ms. Lowery requested an Optional Pay Adjustment (“OPA”) pursuant to Civil Service Rule 6.16.2. The OPA request was for an additional five (5%) percent pay increase ($1.25/hr.) for additional permanent duties assigned to Ms. Lowery. As shown by the attached Exhibits, these additional duties were a result of the downsizing and merger of units at CLSH. They consisted of the duties of the former Property Control Manager and the former Inventory Manager along with her Accounting 3 duties. She was also designated as a backup to an Accountant 4 and the Procurement Manager.
3. The OPA request was submitted by Ms. Lowery’s supervisor, Tina Dar-bonne, to the “Acting CEO” of CLSH at the time, Pat Gonzales, for her signature and approval. Ms. Gonzales suggested that until CLSH hired a permanent CEO, no action would be taken on the request. When Ms. Candy Collins was hired as COO of CLSH in February of 2011, she was approached by Ms. Darbonne. Ms. Collins suggested that she wait until Ms. Lowery’s PPR in April (outstanding) and until a permanent CEO was hired.
4. Joint Exhibit 1: Parties agree [that] a joint stipulation of Appointing Authority for Wayne Hallford dated May 12, 2012 be sufficient to represent Appointing Authority as of April 14, 2011.
5. Pursuant to a grievance filed by Ms. Lowery on November 15, 2011, Mr. Hallford signed the OPA request form (HR-22) in the affirmative. No further action was taken by Ms. Lowery on her grievance ... once Mr. Hallford had signed the OPA in the affirmative.
*1018 6. On January 12, 2012, her grievance went to the Third Step. Mr. Peter Calamari, Deputy Assistant Director and Mr. Anthony H. Speier, Ph.D., Assistant Secretary, disapproved the OPA request forwarded by Mr. Hallford.
7. On February 13, 2012, Ms. Kathy Kliebert, Deputy Secretary, notified Ms. Lowery in writing that the Agency would not approve |sthe OPA she requested, a copy of which is attached. Ms. Lowery received Ms. Kliebert’s letter on February 17, 2012.
8. The appeal of Ms. Lowery was timely filed and is properly before the Commission.
A hearing was held on Ms. Lowery’s appeal before a Referee on September 19, 2012. On November 16, 2012, the Referee concluded that Ms. Lowery had failed to prove that the Department of Health and Hospitals (DHH) violated Civil Service Rules by denying her OPA request. An application for review of this decision was filed on November 30, 2012, and was denied by the Commission on February 6, 2013. Ms. Lowery has timely appealed the final decision of the Commission to this court.
DISCUSSION
In this appeal, Ms. Lowery contends that the findings and conclusions of the Referee, which became those of the Commission,[1] are manifestly erroneous and clearly wrong as a matter of law. She claims the Commission misinterpreted the applicable provisions of Civil Service Rule 6.16.2 (Rule 6.16.2) and erred in refusing to enforce its provisions. She further urges that the finding of fact that the provisions of DHH Policy No. 8140-00 were complied with is clearly wrong, manifestly erroneous, and not supported by the record.
Rule 6.16.2, which provides for OPAs, states, in pertinent part:
Subject to the provisions of Rule 6.29, an appointing authority may, at his own discretion, grant individual pay adjustments to permanent employees ... to compensate employees for performing additional duties.... Such increases shall not exceed 10% in a July 1 to June 30 period for an individual employee and shall not duplicate payment received pursuant to other pay rules. Such increases may be made as either a lump sum payment or a permanent addition to the employee’s base salary. Such optional pay adjustments shall be implemented in accordance with written policies and procedures established by each department. Such policies must receive advance approval from the Civil Service Commission and shall be posted in a manner that assures their availability to all employees.
The policies and procedures to implement Rule 6.16.2 are described in Civil Service Policy Number 8140-00, “DHH Policy on Optional Pay Adjustments (CS Rule 6.16.2).” In Paragraph V, “Responsibility,” it provides that:
It shall be the responsibility of the Secretary, Deputy Secretary, Undersecretary, Assistant Secretary, MVA Director, and/or their designees |4to:
A. Review and approve/disapprove optional pay adjustments or recommend for approval those requests requiring Civil Service Commission approval!).] (Emphasis added.)
In Paragraph VI, “Policy Provisions,” it states, in pertinent part:
*1019 A. The Secretary, Deputy Secretary, Undersecretary, Assistant Secretary, MVA Director, and/or their designees may grant either base pay or lump sum adjustments under the following circumstances. Compensation shall not exceed the maximum allowed under Civil Service Rule 6.16.2. Employees at the maximum of their pay range may only receive a lump sum payment.
[[Image here]]
4. To compensate an employee for the assignment of additional duties
Optional pay adjustments may be given to employees who are assigned additional duties that are equivalent to or above their current allocation. In order to be eligible for compensation, the additional duties should require that the employee possess new skills or competencies.
[[Image here]]
b. Permanent additional duties
Employees who are assigned additional duties (that are equivalent to or above their current allocation) on a permanent basis that do not result in the reallocation of the position may receive an optional pay adjustment. These duties must be documented on the employee’s official position description.
c. Adjustments of up to 5% may be granted for employees who are below the administrative level and may be a lump sum or a permanent, base pay adjustment.
d. All requests for adjustments above 5% must be approved by the Civil Service Commission before implementation. (Emphasis added.)
e.All requests for employees whose level of work on their Civil Service Job Specification is administrator or higher must be approved by the Civil Service Commission before implementation. (Emphasis added.)
[[Image here]]
B. Guidelines
1. All increases granted in accordance with this rule will be restricted to full-time permanent state classified employees with at least a satisfactory Performance, Planning, and Review (PPR) rating.
[[Image here]]
3. Optional pay adjustment requests must be submitted in writing on the most current HR22 form to the appropriate |fiHuman Resource Director.
The record shows that Ms. Lowery made her initial request for an OPA of 5% on December 7, 2010. Her request was postponed until a permanent CEO for CLSH had been chosen; this occurred when Wayne Hallford was appointed in April 2011. Ms. Lowery’s immediate supervisor, Tina Darbonne, brought the OPA request to his attention shortly after his appointment, but no further action was taken. Because her OPA request had still not been acted upon seven months later, Ms. Lowery filed a grievance on November 15, 2011, stating that “Almost twelve months to the date later, the Optional Pay Adjustment form still has not received the necessary approvals; although I continue, and will continue to perform all of the duties that I accepted] at the time.” Step 1 of the grievance was denied that same day by her immediate supervisor, Tina *1020 Darbonne, stating, “I do not have the authority to grant this request.” The grievance and the OPA request then went to Mr. Hallford, who approved her OPA request on December 5, 2011. He also signed the Step 2 grievance form, stating:
I have reviewed your request for an Optional Pay Adjustment (OPA) and based on the information you presented, I have signed your OPA Request Form (HR-22), in the affirmative. The request will now be processed through normal procedures required for an OPA. Our Human Resource Director will promptly inform you once a response is received from DHH-HQ.
Mr. Hallford testified at the hearing before the Referee that at this point, he believed Ms. Lowery’s grievance had been settled.
On December 20, 2011, Tom Crout, the Human Resource Director of CLSH, sent an email to Kathi Richardson, the Human Resource Director of DHH/Division of Human Resources, stating, “Just to clarify. The grievance is settled. It is not in play. Kathi, do not forward the grievance up the chain of command for any additional management consideration.... The only thing that is being presented to you for further management consideration is the OPA.” Despite this instruction, and despite the fact that Ms. Lowery had not taken any steps to move the grievance further, the grievance proceeded to the third step, at which point it was dismissed as untimely and because the OPA request had been disapproved by Peter Calamari, Deputy Assistant Secretary, and Anthony H. Speier, Ph.D., Assistant Secretary, on January 12, 2012. Ms. Lowery then did proceed listo Step 4 of the grievance procedure, which was to the Deputy Secretary of DHH. Ms. Kliebert responded that neither Civil Service rules and regulations nor the policies of DHH were violated in the disapproval of her OPA. At this point, Ms. Lowery filed a Civil Service appeal, and a Referee was assigned to conduct a hearing on the appeal.
At that hearing, Mr. Hallford stated that although he believed the grievance had been settled by his approval of the OPA request, he also believed that the OPA request had to “continue to go through the process to DHH” for final approval. However, when presented with a copy of Civil Service Policy No. 8140-00 and asked where that requirement was spelled out, he responded:
I’ve read this. It’s not in here. It is a procedure that is done that I was told about when I first started [to work] here, that all OPA’s had to be approved by DHH.
[[Image here]]
If there is [a written policy on that], I haven’t seen it. There may be some memos somewhere down the line that someone sent down saying, “This is the way we’re going to do it.”
[[Image here]]
I don’t know that I’ve seen one. I mean, I was told that was the procedure.
[[Image here]]
Tom Crout told me that it had to be sent up for final approval. At the bottom of the OPA Request Form is a signature line for “Human Resource Director (or designated HR staff).” Below that is an additional signature line for “DHH Secretary or Undersecretary or Deputy Secretary or MVA Director or Asst Secretary (or designee)” to approve the type and amount requested, approve a modified optional pay adjustment, or disapprove the request.
The Referee provided the following reasons for her decision:
Ms. Lowery is appealing the failure of DHH to grant her an OPA. She con *1021 tends that DHH violated Civil Service Rule 6.16.2 and DHH Policy Number 8140-00 by failing to grant the OPA upon approval by Mr. Hallford, CLSH’s appointing authority. Civil Service Rule 6.16.2, Optional Pay Adjustments, provides that “an appointing authority may, at his own discretion, grant individual pay adjustments to permanent employees.” However, before an OPA can be granted under DHH policy, the OPA request must be approved by the Human Resources Director and a DHH executive officer. No such approval was forthcoming in this case; instead, the OPA request was reviewed and disapproved by two DHH executive officers in accordance with DHH policy.
Generally, decisions of Civil Service Commission Referees are subject to the same standard of review as decisions of the Commission itself. Decisions of the Commission 17are subject to the same standard of review as decisions of a district court. Usun v. LSU Health Sciences Ctr. Med. Ctr. of Louisiana at New Orleans, 02-0295 (La.App. 1st Cir.2/14/03), 845 So.2d 491, 494. Factual determinations should not be reversed or modified unless clearly wrong or manifestly erroneous. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 647; Gorbaty v. Department of State Civil Serv., 99-1389 (La.App. 1st Cir.6/23/00), 762 So.2d 1159, 1162, writ denied, 00-2534 (La.11/13/00), 774 So.2d 147.
Rules adopted by the Commission have the force and effect of laws. LSA-Const. art. X, § 10(A)(4); Shortess v. Department of Pub. Safety & Corr., 06-2313 (La.App. 1st Cir.9/14/07), 971 So.2d 1051, 1055, writ denied, 07-2293 (La.1/25/08), 973 So.2d 761. It is well settled that Civil Service rules must be construed according to the rules of interpretation applicable to legislation. King v. LSU Health Sciences Ctr., 03-1138 (La.App. 1st Cir.4/2/04), 878 So.2d 544, 547. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; Shortess, 971 So.2d at 1055.
We have reviewed all the documents in the record and can find no requirement in the Civil Service rules or DHH policy documents stating that the Human Resource Director and a DHH executive officer must approve an OPA that has been granted by the appointing authority for up to 5% for a non-administrator employee. The Secretary, Deputy Secretary, Undersecretary, Assistant Secretary, MVA Director, and/or their designees do not need to approve OPA requests unless those requests require Civil Service Commission approval. The only OPAs requiring Civil Service Commission approval are those seeking pay adjustments above 5% or those for employees whose level of work on their Civil Service Job Specification is administrator or higher. Ms. Lowery’s request and position do not fall within either of those two categories. Accordingly, there was no requirement for Commission approval and no requirement that OPA requests be approved by anyone other than the appointing authority, who may, “at his own discretion,” grant such requests. The only further requirement in DHH ^Policy No. 8140-00 is that the completed OPA requests be submitted to the appropriate Human Resource Director. That requirement does not further state that the submission is done to obtain the approval of the Human Resource Director and/or a DHH executive officer. Therefore, the Referee’s contrary conclusion was clearly wrong.
It is possible that there is some written policy or authority for the Commission’s *1022 conclusion that every OPA request must be approved by the Human Resource Director and a DHH executive officer. However, there is no evidence of such a requirement in the record before us. Accordingly, we must reverse the Commission’s decision and remand this matter back to the Commission for further proceedings in accordance with this opinion.
CONCLUSION
For the above reasons, we reverse the February 6, 2013 final decision of the Commission and remand this matter to the Commission for further proceedings in accordance with this opinion. All costs of this appeal, in the amount of $1,061.50, are assessed to the Department of Health and Hospitals, Central Louisiana State Hospital.
REVERSED AND REMANDED.

. See LSA-Const. art. X, § 12(A) and Civil Service Rule 13.36(g).