CRAIN, J.
|?Kim Paulin appeals a final decision of the Civil Service Commission (the Commission) upholding her termination from her permanent status position of Registered Nurse Supervisor 1, Quality Assurance Specialist, with the Department of Health and Hospitals (DHH), Office of Mental Health, Child and Adolescent Behavioral Health System of Care (CABHS). We affirm.
*267 FACTS
Paulin was employed as a Registered Nurse Supervisor 1 with DHH at New Orleans Adolescent Hospital. When the hospital closed in 2009, the employees were transitioned and job descriptions were revised. Paulin retained her title of Registered Nurse Supervisor 1, but was assigned to an administrative position with CABHS in its Quality Assurance Department due to concerns that her health issues and excessive absenteeism would disrupt the work of the agency and because she had performed some similar duties at the hospital. She was specifically tasked with collecting data and generating statistical reports regarding the services provided by the CABHS clinics. Paulin’s assignment began in January of 2010, upon her return from leave taken pursuant to the Family Medical Leave Act.
Paulin’s CABHS supervisors were unsatisfied with her job performance. In March of 2010, she was notified of particular deficiencies and was given a supervisory plan outlining requirements and deadlines. The following month, DHH issued an improvement letter reprimanding her for failure to comply with her supervisory plan. In June of 2010, Paulin was advised by letter that DHH was considering dismissing her from her position due to insubordination. The letter outlined her failure to comply with directives, failure to meet deadlines, and failure to properly request leave through the Louisiana Employee Online System. After |sconsidering her written response, DHH proceeded to dismiss Paulin from her position effective July 2, 2010, on the basis of insubordination.
Paulin appealed her dismissal to the Civil Service Commission, denying that she engaged in the conduct outlined in DHH’s termination letter and alleging that her termination was an excessive disciplinary action. A hearing was held before a Civil Service referee. The referee found that DHH proved cause for discipline against Paulin with regard to the following charges: (1) failure to complete an online Excel spreadsheet course as directed; (2) failure to provide the completed centralized scheduling software as directed; (3) failure to comply with supervisory directives regarding sick leave usage; and (4) failure to submit timely and accurate statistical reports. The referee further found that termination was commensurate with the offenses committed. Paulin filed an application for review of the referee’s decision, which the Commission denied, making the referee’s decision the final decision of the Commission. See La. Const, art. X, § 12(A); Civil Service Rule 13.36(g). This appeal followed.
DISCUSSION
Civil service laws and rules establish a system under which “non-policy forming” public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency, or improper conduct. Mathieu v. New Orleans Pub. Library, 09-2746 (La.10/19/10), 50 So.3d 1259, 1262. Fundamental to the purpose of the civil service merit system are protection of employees and the ability to discipline employees for legal cause that impairs the efficiency of the public service. Mathieu, 50 So.3d at 1262. Just as great an injustice may arise from suffering the continuance of incompetent or insubordinate classified civil service employees in their positions as from wrongfully terminating the permanently classified civil service employee. Mathieu, 50 So.3d at 1262.
|4An employee with permanent status may be disciplined only for cause expressed in writing. La. Const, art. X, § 8(A). Cause for dismissal includes conduct prejudicial to the public service involved or detrimental to its efficient opera *268 tion. Mathieu, 50 So.3d at 1262. The appointing authority bears the burden of proving such conduct by a preponderance of the evidence, meaning that the evidence as a whole must show the fact sought to be proven as more probable than not. Pike v. Department of Revenue, Office of Alcohol and Tobacco Control, 13-0522, 2013 WL 7122608 (La.App. 1 Cir. 12/27/13) (unpublished), unit denied, 14-0202 (La.4/4/14), 135 So.3d 1183; Ferguson v. Dept, of Health and Human Resources, Office of Management and Finance, 451 So.2d 165, 168 (La.App. 1 Cir.1984). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. Bannister v. Department of Streets, 95-0404 (La.1/16/96), 666 So.2d 641, 647.
In civil service disciplinary cases, the referee’s and Commission’s factual conclusions are subject to the manifest error standard of review. See Mathieu, 50 So.3d at 1262; Lowery v. Dept, of Health and Hospitals, 13-0811 (La.App. 1 Cir. 3/12/14), 142 So.3d 1016, 1018, 2014 WL 955965. Thus, the factual determinations will be reversed only if the appellate court finds that a reasonable basis does not exist for the Commission’s finding and further that the record establishes the finding is clearly wrong. See Stobart v. State, Dept, of Transp. and Development, 617 So.2d 880, 882 (La.1993). In evaluating the Commission’s determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission’s order unless it is arbitrary, capricious, or characterized by abuse of discretion. McGee v. Department of Transportation and Development, 99-2628 (La.App. 1 Cir. 1,12/22/00), 774 So.2d 1280, 1282, writ denied, 01-0232 (La.3/23/01), 788 So.2d 432. An arbitrary conclusion is one that disregards evidence or the proper weight thereof; and a capricious conclusion is when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Burst v. Board of Commissioners, Port of New Orleans, 93-2069 (La.App. 1 Cir. 10/7/94), 646 So.2d 955, 958. Each case must be decided on its own facts. Reviewing courts should not second guess the appointing authority’s decision, but only intervene when decisions are arbitrary and capricious or characterized by an abuse of discretion. See Mathieu, 50 So.3d at 1262-63.
On appeal, Paulin contends the Commission erred in affirming the referee’s decision that DHH proved cause for each of the four charges of insubordination. She contends that she should not have been found insubordinate for failing to complete the online Excel training course because she accomplished the goals of her employer by training herself. She contends that the referee’s decision as to the other three charges improperly rests solely on hearsay testimony and must be overturned. We find no merit in Paulin’s arguments.
The supervisory plan given to Paulin in March of 2010 required that Pau-lin meet with Jemma Mendoza, CABHS’s Human Resources (HR) director, for instructions on how to take and successfully complete the online course for Excel spreadsheets and provide Mendoza with documentation showing successful completion of the course by March 29, 2010. Both Mendoza and Paulin testified that Paulin met with Mendoza as required. However, Paulin candidly admitted that she did not complete the course.
Paulin testified that she had not been responsible for preparing spreadsheets at the hospital and acknowledged that the online course was the tutorial for the *269 spreadsheets she was required to prepare in her new position. Paulin explained |fithat she did not complete the course because she did not like its online format, and instead purchased a book titled Simplified Excel 2007. Paulin stated that she advised her supervisor that she was using the book she purchased, but she did not indicate that DHH approved this action in place of the online course requirement of the supervisory plan.
An employee must follow an order unless it calls upon her to do something illegal, immoral, unethical, or in dereliction of her duties. See Department of Corrections, Louisiana State Penitentiary v. Cage, 418 So.2d 3, 5 (La.App. 1 Cir.), writ denied, 422 So.2d 164 (La.1982). Refusing to obey orders constitutes insubordination and is an action which, by its very nature, impairs the efficient operation of public service, thereby justifying disciplinary action. See Ennis v. Dept, of Public Safety and Corrections, Dixon Correctional Institute, 558 So.2d 617, 623-24 (La. App. 1 Cir.1990); Ben v. Housing Authority of New Orleans, 03-1664 (La.App. 1 Cir. 5/14/04), 879 So.2d 803, 807; Ferguson, 451 So.2d at 169. There is no question that DHH’s requirement that Paulin complete an online course in order to train Paulin in preparation of the spreadsheets her job required was not illegal, immoral, unethical, or in dereliction of her duties. The referee noted that Paulin admitted she did not complete the course as required by the supervisory plan and found her defense lacking in merit. Additionally, the evidence reflects that one of the chief complaints regarding Paulin’s work performance was regarding the reports she prepared. Mendoza testified that the purpose of the online program was to assist Paulin in developing the reports that Paulin was required to submit to her supervisors. The referee’s finding that DHH proved cause for discipline against Paulin regarding this charge is supported by the record.
|7DHH also charged that Paulin was insubordinate for failing to comply with the directive in her supervisory plan that she submit a centralized scheduling software spreadsheet “with attached demo reviews and pricing” to her supervisor and Mendoza by the given date. Mendoza testified that Paulin did not comply with the directive. DHH also produced an email sent by Paulin after the deadline explaining that the demo review had not been done due to computer issues beyond her control. Paulin maintained that she complied with the directive because the spreadsheet was timely submitted without the demo review and explained that the demo review was additional information to be added after submission of the spreadsheet.
Although Paulin testified that the demo review could not be completed until after the spreadsheet was submitted, the supervisory plan clearly requires that the spreadsheet with attached demo reviews be submitted by the stated deadline. The record supports the referee’s finding that Paulin failed to comply with the directive. Because Paulin admitted that the demo reviews were not submitted by the stated deadline, we find no merit to Paulin’s argument that this finding rests solely on hearsay evidence.
Paulin contends that the referee’s finding that DHH proved cause for its charges that she did not submit proper physician’s statements in support of her absences and failed to submit accurate statistical reports in a timely manner were both contrary to her own testimony and improperly based solely on hearsay evidence. The Louisiana Supreme Court has stated, “Although hearsay may be admissible in administrative hearings, the findings *270 of an administrative body must nonetheless be supported by competent evidence.” Driscoll v. Stucker, 04-0589 (La.1/19/05), 893 So.2d 32, 51. We do not address this argument, however, because one specific act of willful disobedience or insubordination may be ^sufficient legal cause for termination.[1] Ben, 879 So.2d at 807. We have previously found support in the record for two other acts of willful disobedience or misconduct.
In this case DHH proved that Paulin willfully refused to comply with DHH’s directive that she complete a course to train her in completing spreadsheets that were central to her position. CABHS’s HR Director, Mendoza, testified that this affected the work of the agency. DHH further proved that Paulin failed to complete and deliver to her supervisor and Mendoza a centralized scheduling software spreadsheet “with attached demo reviews and pricing” by the given date. Mendoza testified that the reports Paulin prepared contained information critical to the continued operation of the CABHS and the services it provided to the children previously served by the hospital. Gilda Armstrong-Butler, a DHH program manager who was on special assignment to run the children’s clinics, also testified that the problems with the reports impaired the efficiency of the agency.[2] Under these particular facts, the referee’s finding that termination was warranted was not arbitrary, capricious, or characterized by an abuse of discretion.
CONCLUSION
For the reasons set forth herein, the decision of the Civil Service Commission is affirmed. All costs of this appeal are assessed to Kim Paulin.
AFFIRMED.

. We note, however, that Mendoza testified that she drafted many of the documents setting forth the inadequacies in Paulin's job performance. Additionally, Gilda Armstrong-Butler testified that she supervised Paulin's supervisor and was familiar with problems in the reports Paulin prepared.

. Butler could not say, however, the direct consequence of any insubordinate action by Paulin.