HOLDRIDGE, J.
[ 2Appellant, Robert S. Lawrence, appeals a ruling from the Louisiana State Civil Service Commission (“CSC”), which dismissed his appeal of a letter of reprimand. For the reasons that follow, we reverse the CSC’s dismissal of Mr. Lawrence’s appeal, grant the appeal, and render judgment ordering the -CSC to remove the letter of reprimand from his personnel •record and any other records;
FACTS AND PROCEDURAL HISTORY
On July 15, 2014, the CSC conducted an annual performance evaluation on the appellant, Mr. Lawrence, who is 'the State Examiner of Municipal Fire arid Police Civil Service, as required by Civil Service Rule 10.7(a).[1] The CSC conducted an evaluation at a public meeting on July 15, 2014. As a result of Mr. Lawrence’s behavior at his evaluation and the public meeting, a letter of reprimand -was .issued on July 16, 2014, in' accordance with Civil Service Rule 12.9,[2] which provides that reprimands are :improvement letters that are not discipline. The letter of reprimand stated “[t]his letter of reprimand is not a disciplinary action.”
Mr. Lawrence filed an appeal with the Appeals Division. of the Department of State Civil Service on August 11, 2014, alleging that his letter of reprimand was |3a disciplinary action in accordance with Civil Service Rule 12.9. On August 13, 2014, a referee mailed-a notice to Mr, Lawrence, which questioned whether he *96 had a right of appeal to the CSC, and gave him 'fifteen days to' amend his appeal and/or show cause why his appeal should not be dismissed. Mr. Lawrence supplemented his appeal, which’further alleged that he was a victim of retaliation and also requested that the assigned referee be re-cused from healing his appeal because of prior pending issues. The newly assigned referee denied Mr. Lawrence’s motion to recuse and dismissed his appeal for failure to allege a right of. appeal to the CSC. Mr. Lawrence sought a rehearing before the. CSC, which was denied. Mr. Lawrence now appeals.
ERRORS
Mr. Lawrence assigns a- multitude of errors - stemming from the procedure utilized by or the authority of the CSC and the dismissal of his appeal.
STANDARD OF REVIEW
In civil service disciplinary cases, the factual conclusions of the referee and [the CSC] are subject to the manifest error standard of review. Paulin [v. Department of Health and Hospitals, Office of Behavioral Health, 2013-1916 (La.App. 1st Cir.6/6/14),] 146 So.3d [264,] 268; see also Mathieu [v. New Orleans Public Library, 2009-2746 (La.10/19/10);] 50 So.3d [1259,] 1262; Lowery v. Department of Health and Hospitals, [20]13-0811 (La.App. 1[st] Cir[.] 3/12/14), 142 So.3d 1016, 1021. Thus, the factual determinations will be reversed only if the appellate court finds that a reasonable basis does not exist for the [CSC’s] finding and further that the record establishes the finding is clearly wrong. Paulin, 146 So.3d at 268. In .evaluating the [CSC’s] determination as to whether the disciplinary, action is both based on legal cause and commensurate with the infraction, the court should not modify the [CSC’s] order unless it is arbitrary, capricious, or characterized by abuse of discretion. McGee v. Department of Transportation and Development, 99-2628 (La.App. 1[st] Cir. 12/22/00), 774 So.2d 1280, 1282, writ denied, [20]01— 0232- (La.3/23/01), 788 So.2d 432. An arbitrary conclusion is one that disregards evidence or the proper weight thereof; and a capricious conclusion is when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Paulin, 146 So.3d at 268; Burst v. Board of Commissioners, Port of New Orleans, 93-2069 (La.App. 1[st] Cir. 10/7/94), 646 So.2d 955, 958. Each case must be decided on its own facts. Reviewing courts should not second guess the appointing authority’s decision, but Only intervene when decisions are arbitrary and capricious or characterized by an abuse of discretion. Paulin, 146 So.3d at 268.
Cole v. Division of Administration, 2014-0936 (La.App. 1st Cir.1/26/15), 170 So.3d 180, 184-85, writ not considered, 2015-0401 (La.5/1/15); 169 So.3d 367.
DISCUSSION
In his third assignment of error, Mr. Lawrence contends that the CSC was without authority to.issue a letter of reprimand to him as the state ■ examiner. Mr. Lawrence argues that the CSC does not have the legal authority to exercise administrative’control over the state examiner in accordance with La. Const. of 1921, art. XIV, § 15.1(9)(d)[3], which provides:
*97 The State Civil Service Commission shall exercise no administrative control over the State Examiner or Deputy State Examiner. Its functions and powers relating to this office shall consist solely of the right of. appointment, hearing of charges, for removal or other disciplinary action legally brought against the incumbents of these offices, and the ordering of their removal or the rendering of such other judgment of a disciplinary nature as it may deem proper after a hearing. [Emphasis added.]
When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, its language must be given |seffecL See Succession of Lauga, 624 So.2d 1156, 1165 (La.1993); Shreveport Police Officers Association v. Glover, 47,504 (La.App. 2nd Cir.1/9/13), 108 So.3d 791, 794, writ denied, 2013-0624 (La.4/19/13); 112 So.3d 228. The wording of La. Const. of 1921, art. XIV, § 15.1(9)(d) is clear, unambiguous, and no absurd consequences follow fi'om a straightforward application of fhe provision.
The question to be answered is whether the letter of reprimand issued to Mr. Lawrence was an exercise of administrative control. The jurisdiction of the CSC over the state examiner is clearly limited to the legal authority expressed in La. Const, of 1921, art. XIV, § 15.1(9)(d), which has now been adopted as a statute by La. Const, art. X, § 18. This legal authority mandates , that the CSC exercise no administrative control over the state examiner and entertain only appointment, removal, and disciplinary actions legally brought against the incumbent of this office. Since Civil Service Rule 12.9 states that letter of reprimands are. improvement letters that are not disciplinary actions, it is not within the limited legal authority granted to the CSC to issue a letter of reprimand to the state examiner. Therefore, the CSC exceeded its limited legal authority by utilizing a supervisory tool over the state examiner, such as a letter of reprimand. This court cannot expand the jurisdiction of the CS.C beyond its .l.egally mandated powers and grant supervisory power to the CSC over an office for which it has no supervision.
Accordingly, after reviewing the record and applicable law, this court finds that the CSC erred as a matter of law in issuing a letter of reprimand to Mr. Lawrence because the CSC did not have the legal authority to do so. Having found that the CSC incorrectly issued a letter of reprimand to Mr. Lawrence, we pretermit a discussion of the remaining assignments of error.
^CONCLUSION
The CSC’s dismissal of Mr. Lawrence’s appeal is hereby reversed. We grant Mr. Lawrence’s appeal[4] and, because we conclude the CSC is without authority to issue a letter of reprimand, we render judgment, *98 ordering the CSC to permanently remove the letter of reprimand from Mr. Lawrence’s personnel record and any other records. Costs of this appeal in the amount of $190.75 are assessed to the Louisiana State Civil Service Commission.
REVERSED AND RENDERED.
CHUTZ, J.,'concurs.

. Civil Service Rule 10.7(a) requires “[o]ffi-cial performance evaluations ... for all classified employees except those serving as classified WAE employees. The Evaluating Supervisor shall base the official- evaluation of the employee’s performance on the work tasks and behavior standards as. stated on the performance planning and evaluation form.”

. Civil Service Rule 12.9 provides:
(a)An appointing authority may issue letters (such as warnings, counseling, coaching, reprimands, supervisory plans, etc.) to attempt to improve an employee’s conduct.
(b) An employee may resppnd in writing to an improvement letter. The employee’s response must be attached to each'copy óf the letter kept by the agency.
(c) If the same or similar conduct recurs, an improvement letter can be used to support the severity of future discipline, but only if the letter advised the employee that the letter would be sued for this purpose and advised the employee of his right to respond. ....
(d) An improvement letter is not discipline, is only appealable under Rule 13.10(b) or (c), and may not be included in any publicly accessible personnel record until used to support future discipline.

. This constitutional provision is found in the Appendix to the Louisiana Constitution of 1974, which ancillary section begins with the following comment:
*97 Pursuant to Article 10, §§ 18, 20, and Article 14, §§ 16, 19, 32, and 34 of the Louisiana Constitution of 1974, numerous sections of the Constitution of 1921 were continued as statutes. Many of these sections have since been incorporated into the Revised Statutes or repealed by the Legislature.... This Appendix sets forth the text, along with all annotative material pertaining thereto, of ' those sections of the 1921 Constitution continued as statutes which have not been incorporated into the Revised Statutes or repealed through the 1995 Regular Session of the Legislature.

. Because Mr. Lawrence is a state classified employee who has "been adversely affected by a violation of any provision in the Civil Service Article,” he has a right.of appeal to the CSC under Civil Service Rule 13.10’and we review the dismissal of his appeal by the CSC pursuant to La. Const, art. X, § 12.