STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CA 0989

SHELITA TURNER

VERSUS

GOVERNOR'S OFFICE OF ELDERLY AFFAIRS

Judgment Rendered: **FEB 2 4 2023**

* * * * * *

Appealed from a decision of the
State Civil Service Commission
State of Louisiana
Number S-18802

Honorable David L. Duplantier, Chairman;
D. Scott Hughes, Vice-Chairman;
John McLure, Kristi Folse, G. Lee Griffin,
Ronald M. Carrere, Jr., and Jo Ann Nixon, Members

* * * * * *

| | |
|---|---|
| Jessica M. Vasquez<br>New Orleans, LA | Counsel for Plaintiff/Appellant<br>Shelita Turner |
| Amanda H. Smith<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Governor's Office of Elderly Affairs |

* * * * * *

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

**GUIDRY, C.J.**

Plaintiff/appellant, Shelita Turner, appeals from a decision of the Civil Service Commission Referee dismissing her appeal. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Turner was hired as an Adult Protective Specialist 2 by the Governor's Office of Elderly Affairs (GOEA) and began work on November 29, 2021. However, on February 15, 2022, GOEA terminated Turner, who at that time was a probationary employee. Thereafter, on March 15, 2022, Turner filed an appeal of her termination with the Civil Service Commission ("the Commission") alleging that her termination was discriminatory under Civil Service Rule 1.14.1 because it was based on "other non-merit factors." Turner sought reinstatement to her position, back pay, and benefits.

On May 11, 2022, a Civil Service Commission Referee ("the referee") issued a notice to Turner of possible defects in the appeal. Specifically, the notice stated that the appeal did not appear to comply with Civil Service Rule 13.10 and 13.11, as Turner failed to provide specific and detailed factual allegations that she was adversely affected by a violation of Civil Service Articles or Civil Service Rules or was discriminated against because of her religious or political beliefs, sex, or race. The notice gave Turner fifteen days from the date of the notice to amend her appeal in a manner that complies with Civil Service Rule 13.11(d) to cure the defects.

Turner filed an amended appeal on May 25, 2022, wherein she alleged her termination was the result of political discrimination due to her "political views" with respect to trauma informed care. (R. 14) On July 14, 2022, the referee issued his decision, finding that Turner's conclusion that her views on trauma informed care constitute "political" beliefs does not give rise to an actionable claim of political discrimination and as such, she failed to allege any facts in support of her allegation

2

of political discrimination as required by Civil Service Rule 13.11(d). Therefore, because Turner failed to allege sufficient facts supporting a conclusion that GOEA discriminated against her based on her political or religious beliefs, sex, or race or that a violation of a Civil Service Rule or Civil Service Article occurred, the referee found that Turner did not establish a right of appeal to the Commission and dismissed her appeal.

No application for review of the referee's decision was filed with the Commission; therefore, the referee's decision became the final decision of the Commission. See La. Const. art. X, §12(A). Turner now appeals from the referee's decision.

## STANDARD OF REVIEW

Generally, decisions of Civil Service Commission Referees are subject to the same standard of review as decisions of the Commission itself. Malouse v. Louisiana Department of Health-Office of Public Health, 19-1034, p. 6 (La. App. 1st Cir. 2/21/20), 297 So. 3d 974, 978, writ denied, 20-00548 (La. 9/23/20), 301 So. 3d 1182. The factual conclusions of the referee and Commission are subject to the manifest error standard of review, meaning that the factual determinations will be reversed only if the appellate court finds that a reasonable basis does not exist for the Commission's finding and the record establishes the finding is clearly wrong. Cole v. Division of Administration, 14-0936, pp. 5-6 (La. App. 1st Cir. 1/26/15), 170 So. 3d 180, 184.

## DISCUSSION

According to State Civil Service Rule 13.10, only the following state employees who have probationary rather than permanent status have a right of appeal to the Commission:

(b) a state classified employee who has been discriminated against in any employment action or decision because of his political or religious beliefs, sex, or race; [and/or]

3

(c) a state classified employee who has been adversely affected by a violation of any provision in the Civil Service Article or of any Civil Service Rule other than a rule in Chapter 10.

In her amended appeal, Turner alleged that her termination was the result of political discrimination based on her "political views" with respect to trauma informed care for the public. Turner alleged that because of these views, she felt strongly about governmental protection for survivors of abuse and submitted grievances against her supervisor with regard to employment practices that endangered survivors of abuse under GOEA's care and violated Civil Service Rules and GOEA policies. Turner alleged that because her supervisor disagreed with her views, she retaliated against and harassed Turner and ultimately influenced the Director and Executive Director of GOEA to terminate Turner.

From our review of the record, we find no error in the referee's decision finding that Turner failed to sufficiently allege that her views concerning support for trauma informed care qualify as "political" beliefs and that her mere conclusion that they constitute such does not give rise to an actionable claim of political discrimination. Accordingly, we further find no error in the referee's decision finding that Turner has failed to establish a right to appeal to the Commission and dismissing her appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Civil Service Commission. All costs of this appeal are assessed to Shelita Turner.

**AFFIRMED.**